## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ACHIEVEGLOBAL, INC., )<br><br>Plaintiff, )<br>v. )<br><br>TEAM COACHING INTERNATIONAL, )<br>INC., )<br><br>Defendant. )<br>_____ ) | **FILED: MAY 22, 2008**<br><br>Civil Action No. **08CV2972**          **AEE**<br><br>Judge **JUDGE KENNELLY**<br>Magistrate Judge **MAGISTRATE JUDGE NOLAN**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and state unfair competition laws based on Defendant Team Coaching International, Inc.'s ("Defendant" or "TCI") unauthorized use of Plaintiff AchieveGlobal, Inc.'s ("Plaintiff" or "AchieveGlobal") trademarks, including but not limited to the following registered marks: STELLAR SERVICE and CREATING STELLAR CUSTOMER RELATIONS. Defendant's actions have been willful and are in disregard of Plaintiff's trademark rights.

Plaintiff seeks an order enjoining Defendant from its ongoing acts of trademark infringement, unfair competition and state law violations, as well as monetary relief based on Defendant's violations of Plaintiff's trademark rights.

### PARTIES

1.     Plaintiff AchieveGlobal is a world-wide leader in the industry of business training and consulting. AchieveGlobal focuses on all areas of customer service training, including

leadership development and organization.  AchieveGlobal is a Florida corporation registered to do business by the State of Illinois.  Plaintiff maintains offices in the Chicago, Illinois area.

2.    Upon information and belief, Defendant Team Coaching International is a California corporation with its principal place of business at 1001 Bridgeway, #701, Sausalito, California  94965.

3.    Upon information and belief, Defendant Team Coaching International conducts business within the State of Illinois, including providing  certification programs within the state.

## JURISDICTION AND VENUE

4.    This Court has original jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1138(a) and (b).  Subject matter jurisdiction is present over the supplemental state claims pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1332.  The parties are citizens of different states and the value of the interests Plaintiff seeks to protect exceeds the sum of $75,000, exclusive of interest and costs.

5.    The Court has personal jurisdiction over Defendant by virtue of its contacts in this judicial district and by virtue of committing tortuous acts in this judicial district.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7.    Plaintiff is a world leader in the area of business training and consulting.  With more than 300 employees and offices or franchisees in 42 nations, Plaintiff provides a range of learning-based solutions, including consulting, leadership training, sales training and customer service training, to individuals and businesses of all sizes.  Plaintiff has a reputation of providing a variety of services and products, including leadership and team development, aimed at motivating and organizing individuals and businesses.

8.      Upon information and belief, Defendant is a global consulting firm that provides products and services including leadership and team development for businesses.

9.      Plaintiff has been commercially using the registered STELLAR SERVICE ® mark (U.S. Reg. No. 2,944,345) in the United States since at least as early as 2005. Additionally, Plaintiff has been commercially using the registered CREATING STELLAR CUSTOMER RELATIONS ® mark (U.S. Reg. No. 2,889,679) in the United States since at least as early as 2002. These trademarks have been used in connection with Plaintiff's learning-based solution services and products. Plaintiff has given notice of its registered rights in its marks by using the ® symbol in connection with its registered trademarks.

10.     Additionally, Plaintiff has been commercially using the common law STELLAR-related marks since at least as early as 2002. These trademarks have also been used in connection with Plaintiff's learning-based solution services and products. Plaintiff's registered and common-law STELLAR-related marks are herein referred to as the "STELLAR Marks."

11.     Plaintiff has expended a substantial amount of money and effort in advertising and promoting the STELLAR Marks. Plaintiff is among the foremost providers of business training in the world today. Plaintiff and its STELLAR Marks are well known and its substantial promotion, advertising, publicity, and public relations activities further promote the recognition and goodwill associated with its STELLAR Marks.

12.     Defendant began using the term "Stellar," including "Stellar Team Diagnostics" for confusingly similar products/services after Plaintiff first used its STELLAR Marks and in violation of Plaintiff's rights.

13.     Defendant sells products and services that plainly compete with and/or are closely related to Plaintiff's products and services.

14.     Defendant has been placed on actual notice of the Plaintiff's prior rights in the STELLAR Marks.  In addition, Defendant had constructive notice of the Plaintiff's rights through Plaintiff's use of the ® symbol in connection with its registered marks.

15.     Defendant has used a mark confusingly similar to the Plaintiff's federally-registered STELLAR® Marks in connection with the advertising, promotion, and/or sale of goods/services identical or closely related to the goods/services of the Plaintiff without the consent of the Plaintiff.  Defendant's use is in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those goods/services.

16.     Defendant has used a mark confusingly similar to the Plaintiff's common law STELLAR Marks in connection with the advertising, promotion, and/or sale of goods/services identical or closely related to the goods/services of the Plaintiff without the consent of the Plaintiff.  Defendant's use is in a manner that is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those goods/services.

17.     Defendant's actions were taken and/or continued in willful, deliberate, and/or intentional disregard of the Plaintiff's rights.  This case is exceptional under the Lanham Act.

18.     Plaintiff has been damaged by the actions of Defendant in an amount that is undetermined but believed to be in excess of $75,000.  If the acts of Defendant are allowed to continue, the Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

**COUNT I**
**(Federal Trademark Infringement)**

19.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 18 of this Complaint.

20.     Defendant's use of Plaintiff's registered STELLAR® Marks is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services and products in that customers and potential customers are likely to believe that the products and services provided under Defendant's designation are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Plaintiff.

21.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

22.     The likely confusion, mistake or deception caused by Defendant is in violation of the Lanham Act, 15 U.S.C. § 1114(1).

23.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover all of Defendant's profits as well as the costs of this action.  The intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

24.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 23 of this Complaint.

25.     Defendant has used, and continues to use, in commerce and without Plaintiff's authorization or consent, a reproduction, copy or colorable imitation of the STELLAR Marks intentionally and in bad faith.

26.     Defendant's intentional and willful acts have caused and are likely to cause confusion as to the source of the STELLAR Marks and Defendants.

27.     Defendants' acts constitute trademark infringement under common law.

28.     Defendant's use of the STELLAR Marks was, and is, with full knowledge of Plaintiff's exclusive rights in the STELLAR Marks and therefore constitutes willful infringement.

29.     Defendant's infringement of the STELLAR Marks has caused, and is causing, irreparable harm to Plaintiff.   Unless this Court enjoins Defendant from continuing its unauthorized use of the STELLAR Marks and colorable imitations, Plaintiff will continue to suffer irreparable harm.

### COUNT III
### (Unfair Competition)

30.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 29 of this Complaint.

31.     Defendant's use of Plaintiff's trademark on or in association with its products/services is likely to cause confusion, mistake or deception as to the source or origin of Defendant's services and products under the designation, in that consumers and potential customers are likely to belief Defendant's services and products are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Plaintiff.

32.     As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if the conduct of Defendant is not enjoined.

33.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover all of Defendant's profits as well as the costs of this action.  The intentional nature of Defendant's unlawful acts renders this an "exceptional case," entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT IV
## (Illinois Deceptive Trade Practices Act 815 ILCS 510/1)

34.    Plaintiff incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 33 of this Complaint.

35.    Upon information and belief, Defendant has engaged in numerous unlawful, unfair, dishonest, deceptive, false, misleading and fraudulent acts, practices and advertising, in violation of Sections 815 ILCS 510/1 *et seq*. Illinois Deception Trade Practices Act including by, among other things, using and continuing to use the marks that are confusingly similar to Plaintiff's STELLAR Marks.

36.    Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendant's goods or services, or commercial activities.

37.    Upon information and belief, Defendant has acted as described herein with the intent to trade on Plaintiff's reputation and to infringe on Plaintiff's STELLAR Marks.

38.    Upon information and belief, Defendant continues to engage in the wrongful acts alleged herein, and thereby continue to violate Section 815 ILCS 510/1 Illinois Deceptive Trade Practices Act.

39.    As a direct and proximate result of Defendant's use of marks that are confusingly similar to Plaintiff's STELLAR Marks, Plaintiff has suffered and will continue to suffer injury to its business, goodwill, and property in an amount not presently known.

40.    An injunction against Defendant is necessary to prevent further unlawful acts as set forth above, including the use of marks which are confusingly similar to Plaintiff's STELLAR Marks.

41.    Plaintiff has no adequate remedy at law.

## COUNT V
## <u>(Common Law Unfair Competition)</u>

42.     Plaintiff incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 41 of this Complaint.

43.     Defendant's aforesaid activities constitute unfair competition under the common law.

44.     Defendant's aforesaid acts have caused, and will continue to cause, great and irreparable injury to Plaintiff and, unless Defendant's acts are restrained by this Court, Plaintiff will continue to suffer great and irreparable injury.

45.     Plaintiff has no adequate remedy at law.

## <u>RELIEF REQUESTED</u>

WHEREFORE ACHIEVEGLOBAL, INC. prays that the Court enter an order:

A.     Granting preliminary and permanent injunctions enjoining and restraining Defendant, and any business entity it controls or operates, its directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendant, at first during the pendency of this action and thereafter perpetually:

1.  from committing any acts of trademark infringement or unfair competition and from implying a false designation of origin or a false description or representation with respect to Plaintiff's STELLAR Marks;

2.  from committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services that are not Plaintiff's goods/services as those of Plaintiff;

3. from using in any manner packaging, labels, signs, literature, display cards, or other packaging, advertising, or promotional materials, or other materials related to the Defendant's goods/services, bearing the word STELLAR and any other mark, word, or name confusingly similar to Plaintiff's STELLAR Marks;

4. from making any statements on promotional materials or advertising for the Defendant's goods/services that are false or misleading as to source or origin; and

5. from committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Defendant's goods/services are the goods/services of Plaintiff or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Plaintiff or under the supervision or control of Plaintiff.

B.   Requiring that the Defendant deliver up to Plaintiff any and all store signs, advertising, containers, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof that in any way unlawfully use or make reference to STELLAR in connection with Defendant's goods/services.

C.   Requiring that Defendant, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, to file with the court and serve upon the Plaintiff's counsel a written report under oath setting forth details of the matter in which Defendant has complied with the Court's order pursuant to paragraphs A and B above.

D.   Requiring Defendant to account and pay over to Plaintiff all damages sustained by Plaintiff, Defendant's profits, attorneys fees, and costs, and ordering that the amount of damages awarded to Plaintiff be increased three times the amount thereof.

E.   Awarding Plaintiff such other relief as the Court may deem just and proper.

Plaintiff AchieveGlobal hereby demands a trial by jury.

Dated: May 22, 2008                          Respectfully submitted:


                                  By:  _/s/ Jeana R. Lervick_____


Jeana R. Lervick
BELL, BOYD & LLOYD  LLP
Three First National Plaza
70 West Madison Street, Suite 3100
Chicago, Illinois  60602-4207
(312) 372-1121 (telephone)
(312) 827-8000 (facsimile)
jlervick@bellboyd.com